# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: November 19, 2019

```
* * * * * * * * * * * * *
BRUCHY SCHIK,                      *
                                   *
        Petitioner,                *    No. 17-1591V
                                   *    Special Master Oler
v.                                 *
                                   *    Attorneys' Fees and Costs
SECRETARY OF HEALTH                *
AND HUMAN SERVICES,                *
                                   *
        Respondent.                *
* * * * * * * * * * * * *
```

*Alison H. Haskins*, Maglio Christopher and Toale, PA, Sarasota, FL, for Petitioner.
*Camille M. Collett*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On October 24, 2017, Bruchy Schik ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of receiving a tetanus-diphtheria-acellular pertussis ("Tdap") vaccination on August 11, 2016. *See* Petition, ECF No. 1. On May 28, 2019, the parties filed a Stipulation, which was adopted by the undersigned as her Decision awarding compensation on the same day. Decision, ECF No. 32.

On August 16, 2019, Petitioner filed an application for final attorneys' fees and costs. ECF

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

No. 37 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $31,652.35, representing $30,739.95 in attorneys' fees and $912.40 in attorneys' costs. Fees App. at 1. Pursuant to General Order No. 9, Petitioner states that she has not incurred any costs related to this litigation. *Id.* at 2. Respondent responded to the motion on August 30, 2019, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3, ECF No. 38. Petitioner filed a reply on September 3, 2019, reiterating her belief that the requested amount of fees and costs was reasonable. ECF No. 39.

This matter is now ripe for consideration.

I. **Reasonable Attorneys' Fees and Costs**

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because Petitioner was awarded compensation, she is entitled to an award of attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

a. **Reasonable Hourly Rates**

Petitioner requests the following rates for the work of her counsel at Maglio Christopher and Toale, PA: for Ms. Alison Haskins, $369.00 per hour for work performed in 2018 and $387.00 per hour for work performed in 2019; for Mr. Altom Maglio, $362.00 per hour for work performed in 2017 and $381.00 per hour for work performed in 2018; for Ms. Ann Golski, $360.00 per hour for work performed in 2017 and $371.00 per hour for work performed in 2018; and for Ms. Diana Stadelnikas, $372.00 per hour for work performed in 2017. Fees App. at 23. Petitioner also requests paralegal rates from $105.00 per hour to $154.00 per hour, depending on the individual paralegal and the year the work was done. *Id.* The rates requested are consistent with what the undersigned

and other special masters have consistently awarded Maglio firm attorneys and paralegals for their vaccine program work. Accordingly, the requested hourly rates are reasonable.

### b. Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

Upon review, the undersigned finds the overall hours billed to be reasonable. Counsel has provided sufficiently detailed descriptions for the tasks performed, and, upon review, the undersigned does not find any of the billing entries to be unreasonable. Respondent also did not indicate that he finds any of the billing entries to be unreasonable. Accordingly, Petitioner is entitled to final attorneys' fees in the amount of **$30,739.95**.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $912.40 in attorneys' costs. This amount is comprised of acquiring medical records, the Court's filing fee, and postage. Fees App. Ex. 2 at 1-2. These costs are all typical of Vaccine Program litigation and Petitioner has provided adequate documentation supporting the requested costs. Accordingly, Petitioner is entitled to the full amount of costs sought.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| Attorneys' Fees Requested | $30,739.95 |
|---|---|
| (Reduction to Fees) | - |
| **Total Attorneys' Fees Awarded** | **$30,739.95** |
| | |
| Attorneys' Costs Requested | $912.40 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$912.40** |
| | |
| **Total Amount Awarded** | **$31,652.35** |

**Accordingly, the undersigned awards a lump sum in the amount of $31,652.35, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Ms. Alison Haskins.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

<u>s/Katherine E. Oler</u>
Katherine E. Oler
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).